UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------------x
ROBERT E. MARTIN

                        Plaintiff,

    -v.-

GC SERVICES LIMITED PARTNERSHIP

                        Defendant.
-------------------------------------------------------------------------x

CIVIL ACTION

**COMPLAINT**

Plaintiff Robert E. Martin ("Plaintiff") by and through his attorneys, RC Law Group, PLLC, as and for his Complaint against Defendant GC Services Limited Partnership ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Connecticut, residing in the County of New Haven.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 6330 Gulfton St., Houston TX.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or around December 10, 2014, Defendant sent Plaintiff a letter seeking collection of the Alleged Debt.  This letter was Defendant's initial communication with Plaintiff concerning the Alleged Debt.

10. The letter contained a notification containing the disclosures required by 15 U.S.C. § 1692g(a).

11. The letter also contained an offer to settle the Alleged Debt for an amount lower than the full amount alleged to be owed.  By its terms, the offer was to expire if the amount of the settlement was not received within fourteen days from the date of the letter.

12. The settlement offer set to expire within fourteen days of the date of the letter overshadows and is inconsistent with the rights granted in the disclosure required by 15 U.S.C. § 1692g(a). Such an expiring offer is designed to compel the consumer to forgo his statutory dispute and validation rights or face collection of a higher amount than if he had not exercised his rights.

13. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

15. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(5),(10),(11), 1692f, and 1692g(b).

16. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

17. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated: Waterbury, Connecticut
November 23, 2015

Respectfully submitted,

*/s/Raphael Deutsch*
**RC Law Group, PLLC**
By: Raphael Deutsch
301 Highland Avenue
Waterbury, CT, 06708
Phone: 201.282.6500 ext. 201
Fax: 201.282.6501
*Attorneys for Plaintiff*